```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA

NATIONAL UNION FIRE INSURANCE    :    CIVIL ACTION
COMPANY OF PITTSBURGH, PA        :
                                 :
         v.                      :
                                 :
GENERAL STAR INDEMNITY COMPANY   :    NO. 04-1065
```

MEMORANDUM AND ORDER

Fullam, Sr. J.                                      June  9, 2005

The parties have moved for summary judgment in this dispute between primary and excess insurers.  The insured is ATI, which had a $ 250,000 self-insured retention.  National Union is the primary carrier with a limit of $ 1 million and General Star is the excess carrier with a limit of $ 10 million.  In 1997, one of the insured's drivers was involved in an accident with a bicyclist named Bennyhoff.  Ms. Bennyhoff filed suit in the Philadelphia Court of Common Pleas, and on June 21, 2000, the jury returned a verdict of approximately $ 2 million in her favor.  It is undisputed that neither ATI nor National Union notified General Star of the existence of the lawsuit before the verdict.  In June 2000, there apparently were some attempts by a third-party administrator to telephone General Star about the verdict; although the nature of any such calls is disputed, the parties agree that no written notice was given to General Star at that time.

Two law firms, one selected by ATI and one by National Union, prosecuted an appeal to the Pennsylvania Superior Court after post-trial motions were denied.  In connection with the appeal, National Union bonded the entire amount of the judgment, including the amount in excess of its policy limit.  The Superior Court affirmed the judgment in 2001, and the Supreme Court denied a petition for allowance of appeal on April 22, 2003.  Less than one month earlier, on March 26, 2003, the servicing carrier for National Union sent the first written notice of the claim to General Star.

National Union filed this suit seeking to recover the amount it paid in excess of its policy limit and certain costs associated with the bond.  I have concluded as a matter of law that National Union cannot prevail and therefore judgment will be entered in favor of General Star.

General Star's policy provides in relevant part that:

**(B)   Insured's Duties In The Event Of Occurrence, Claim or Suit**

(1)   In the event of an occurrence covered hereunder involving injuries or damages which, without regard to legal liability, appears likely to involve this Policy, written notice containing particulars sufficient to identify the Insured and also reasonably obtainable information with respect to the time, place and circumstances thereof, and the names and addresses of the injured and of available witnesses, shall be given by or for the Insured to the Company or any of its authorized agents as soon as practicable.

(2)   If claim is made or suit is brought against the Insured because of an occurrence which, without regard to legal liability, appears likely to involve this Policy, the

> Insured shall immediately forward to the Company every demand, notice, summons or other process received by him or his representative.

Def. Ex. H.

General Star received no written notice or copies of any documents relating to the underlying lawsuit until March 2003. Even assuming that oral notice was given in 2000, and that no one reasonably could have anticipated that the verdict would reach the excess levels before the jury spoke, the policy unambiguously requires written notice.  Given the confused and fragmentary nature of the evidence surrounding the claimed oral contacts, the benefits of written notice are undeniable.  There is no evidence that General Star waived its right to written notice or acted in a manner consistent with a party that has accepted oral notice. Both ATI and, especially, National Union are sophisticated entities well able to comply with the demands of the policy.

National Union contends that even if General Star did not receive notice, it cannot establish prejudice.  I am not convinced that a showing of prejudice is necessary in this context, but if it is, General Star has been prejudiced as a matter of law.  General Star was denied any right to participate in the appeals or attempt to broker a settlement for less than the full amount of the judgment.  It is undisputed that National Union and ATI did not pursue settlement discussions with the plaintiff in the underlying action, instead choosing to focus their efforts on appeal.  Although General Star as an excess

insurer has fewer rights with regard to litigation decisions, National Union and ATI effectively denied General Star any say in the matter at all.  Notice just before denial of the final appeal was tantamount to no notice at all.  National Union cannot deny General Star any ability to influence the final amount paid to the underlying plaintiff and then argue that General Star cannot prove that its involvement would have changed the outcome.  There were no settlement discussions during the period before the Superior Court ruled, which was the period during which such discussions were most likely to bear fruit.  This was not an either/or situation:  Settlement discussions would not have hindered the ability to press the appeal, and General Star should have had the opportunity to weigh in on the issue.

    An order follows.

```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA


NATIONAL UNION FIRE INSURANCE    :     CIVIL ACTION
COMPANY OF PITTSBURGH, PA        :
                                 :
        v.                       :
                                 :
GENERAL STAR INDEMNITY COMPANY   :     NO. 04-1065
```

AND NOW, this 9th day of June 2005, upon consideration of the motions for summary judgment, and following oral argument,

IT IS HEREBY ORDERED that JUDGMENT IS ENTERED IN FAVOR OF DEFENDANT, GENERAL STAR INDEMNITY COMPANY AND AGAINST PLAINTIFF, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA. The Clerk is directed to mark the case CLOSED.

                              BY THE COURT:


                              /s/John P. Fullam, Sr. J.
_____John P. Fullam, Sr. J.