```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA


NATIONAL UNION FIRE INSURANCE    :      CIVIL ACTION
COMPANY OF PITTSBURGH, PA        :
                                 :
         v.                      :
                                 :
GENERAL STAR INDEMNITY COMPANY   :      NO. 04-01065-JF
```

SUPPLEMENTAL MEMORANDUM

Fullam, Sr. J.                                          June 13, 2005

      On June 9, 2005, after hearing argument on cross-motions for summary judgment, I entered a Memorandum and Order granting summary judgment in favor of the defendant. Because the cross-motions for summary judgment had been filed on the eve of trial, my explanation for the grant of summary judgment was somewhat truncated.

      After further review, I realize that the Memorandum can be interpreted as adopting plaintiff's theory that it was not required to grant notice of any kind to the excess carrier until after the jury's verdict had been rendered.  I adhere to the view, expressed in my previous Memorandum, that written notice was required in any event, and that the defendant would have been entitled to summary judgment even if the jury's verdict was the triggering event.

      But it is appropriate to register now my firm conclusion that, in the circumstances of this case, notice should have been given in advance of trial.  The case had been submitted

to mediation before a common pleas judge, who expressed the view that, because plaintiff would have difficulty in establishing liability before a jury, the case had a settlement value of $500,000 to $600,000.  Thus, it should have been clear to the parties that "without regard to legal liability" (the governing phrase in the policy of insurance), the case would likely involve the excess policy.  Plaintiff had already accumulated $40,000 in medical expenses, and had sustained serious, permanent injuries.  While on a bicycle in a crosswalk, she was injured by an armored truck making a right turn.  Plaintiff was obliged to notify the defendant at that time, rather than wait until after the jury's verdict.  The defendant was entitled to rely upon the express provisions in its insurance policy; the defendant does not have to show that the plaintiff acted in bad faith in failing to give notice – merely that if plaintiff succeeded in establishing liability, defendant's excess policy might indeed be involved.

     By way of further clarification, I have concluded that the case would be decided the same way, regardless of whether California law or Pennsylvania law is applied.  If choice were necessary, I conclude that California law governs the interpretation and application of the insurance policy in question.

For these reasons, and the reasons set forth in my June 9, 2005 Memorandum, I conclude that summary judgment was properly granted in favor of the defendant.

BY THE COURT:


/s/ John P. Fullam
John P. Fullam, Sr. J.